COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

| | |
|---|---|
| Appellate case name: | Friede & Goldman, LLC d/b/a Friede & Goldman, Ltd. v. Roberto Ulloa, et al. |
| Appellate case number: | 01-21-00565-CV |
| Trial court case number: | 2016-29340 |
| Trial court: | 125th District Court of Harris County |

On October 15, 2021, appellant, Friede & Goldman, LLC, doing business as Friede & Goldman, Ltd., filed a notice of interlocutory appeal, challenging the trial court's October 8, 2021 order denying appellant's "Motion to Dismiss Pursuant to [Texas Civil Practices and Remedies Code] Chapter 150." *See* TEX. CIV. PRAC. & REM. CODE § 150.002(f) ("An order granting or denying a motion for dismissal is immediately appealable as an interlocutory order."). Also on October 15, 2021, appellant filed in this Court an "Emergency Motion to Stay Trial Proceedings During Pendency of Interlocutory Appeal."

The underlying litigation involves claims filed by more than forty plaintiffs against several parties, including appellant, for damages arising out of an accident on a jack-up drilling vessel/platform known as the "Troll Solution." Appellant was first named as a defendant in the underlying litigation in plaintiffs' First Amended Petition, filed in the trial court on May 5, 2016. In plaintiffs live pleading, their Fifth Amended Petition, plaintiffs alleged causes of action against appellant including negligent design/marketing and/or manufacturing defects, strict products liability/failure to warn, negligence and negligence per se, and gross negligence.

On August 27, 2021, appellant filed a "Motion to Dismiss Pursuant to CPRC Chapter 150." In its motion to dismiss, appellant argued that "[b]ecause [p]laintiffs' claims are based on [appellant's] basic design of [the Troll Solution], this lawsuit is an action arising out of the provision of professional services . . . by a licensed or registered professional." As such, Chapter 150 of the Texas Civil Practices and Remedies Code required plaintiffs to file a certificate of merit with their petition. *See* TEX. CIV. PRAC. & REM. CODE §§ 150.002(a) ("In any action . . . for damages arising out of the provision of professional services by a licensed or registered professional, a claimant shall be required

to file with the complaint an affidavit of a third-party . . . licensed professional engineer . . .”), 150.002(b) (setting forth required contents of certificate of merit). According to appellant's motion to dismiss, plaintiffs failed to file the required certificate of merit, requiring dismissal of plaintiffs' claims against appellant. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(e) (“A claimant's failure to file the affidavit in accordance with this section shall result in the dismissal of the complaint against defendant.”). On October 8, 2021, the trial court denied appellant's motion to dismiss.

In its emergency motion to stay, appellant requests “a stay of all proceedings, including trial, pending the resolution of its interlocutory appeal from the trial court's October 8, 2021 order.” According to appellant's motion, “trial could start as early as October 25, 2021.” Appellant further argues that the stay is necessary because the resolution of appellant's appeal is potentially “dispositive on the issue of whether [p]laintiffs' petition must be dismissed” pursuant to section 150.002 of the Texas Civil Practice and Remedies Code.

On October 18, 2021, plaintiffs in the underlying litigation, appellees in this appeal, filed a response to appellant's emergency motion to stay. In their response, plaintiffs' do not dispute that they failed to file the required certificate of merit but argue that appellant is not entitled to the requested stay of trial proceedings because it waived its right to seek dismissal pursuant to Chapter 150.

Appellant's emergency motion to stay trial court proceedings pending resolution of its interlocutory appeal is **granted**. *See* TEX. R. APP. P. 29.3 (providing appellate court authority to “make any temporary orders necessary to preserve the parties' rights until disposition” of appeal from interlocutory order). All proceedings in trial court case number 2016-29340 are **stayed**. The stay is effective until disposition of appellant's appeal or further order of this Court.

It is so ORDERED.


Judge's signature: /s/ Amparo Guerra
                    X Acting individually    ☐ Acting for the Court

Date: October 20, 2021